IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES BAKER,

    Plaintiff,

vs.                                                                     4:04cv387-WS/WCS

JO ANNE B. BARNHART,
**Commissioner of Social Security,**

    Defendant.

                                               /

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. §636(b) and local rule 72.2(D). It is recommended that the decision of the Commissioner be affirmed.

## I. Procedural status of the case

Plaintiff, James Baker, applied for disability insurance benefits. Plaintiff was 60 years old at the time of the administrative hearing, had a 12th grade education, and had past relevant work as a janitor. Plaintiff alleges disability due to a combination of impairments, including diabetes mellitus, glaucoma, hypertension, peptic ulcers, and chronic back pain. The Commissioner found that Plaintiff had the residual functional

capacity to do light work.  As a result of this finding, the Commissioner determined that Plaintiff could still do his past relevant work as a cleaner or housekeeper, both as he previously performed that work and as such work is performed in the national economy. Consequently, it was concluded that Plaintiff did not qualify for social security benefits.

## II. Legal standards guiding judicial review

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."  Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted).  The court must give "substantial deference to the Commissioner's decision."  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

> The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):
>
> 1. Is the individual currently engaged in substantial gainful activity?
>
> 2. Does the individual have any severe impairments?
>
> 3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
>
> 4. Does the individual have any impairments which prevent past relevant work?
>
> 5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

## III.  Analysis

Plaintiff does not challenge the Administrative Law Judge's finding that he retains the residual functional capacity to do light work.  *See* doc. 10, p. 9.  This is consistent with the opinion of Dr. Mauro, on consultative examination, who determined that Plaintiff was capable of doing light work.  R. 233.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

Plaintiff argues, however, that his past relevant work was as a janitor.  The job of janitor, as classified by the Dictionary of Occupational Titles (DOT), requires the capacity to do medium work.  Plaintiff contends that the ALJ improperly combined the DOT jobs of floor waxer and cleaner, housekeeping, to find that Plaintiff's past relevant work required only light exertion.  *Id.*

Plaintiff worked as a janitor for Florida State University for 25 years.  R. 32.  He described this work as follows:

> Well I was doing custodial work, you know, emptying baskets and, you know, mopping floors and things of that nature.  Putting in light bulbs, sweeping down the steps and all this.  What a custodian usually do.  Cleaning bathrooms and stuff of that nature.

R. 33.  He said that as he performed this work, he was able to stand and work for about an hour, and then sit 25 to 30 minutes.  R. 34.  He said he did not do any lifting, and if

he did any lifting, he said that the weight was about 10 to 15 pounds.  *Id*.  He said he used a floor buffing machine, but said that he did not have to lift it.[1]  R. 52.  He said that he would push the buffer out of the janitorial closet to use it.  R. 53.

"[A] claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy."  Andrade v. Secretary of Health and Human Services, 985 F.2d 1045, 1051 (10th Cir. 1993) (applying Social Security Rule 82-61).  Social Security Rule 82-61 provides:

> Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform:
>
> > 1. The actual functional demands and job duties of a particular past relevant job; *or*
> >
> > 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

Social Security Ruling 82-61 (emphasis added); Andrade, 985 F.2d at 1050 (quoting the ruling); Evans v. Shalala, 21 F.3d 832, 833-834 (8th Cir. 1994) (same).  "The two tests are clearly meant to be disjunctive."  Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990).

Our circuit has not addressed the issue whether a claimant must show inability to perform his past relevant work as he performed it, but our circuit has held that "[t]he

---

[1] This conflicts with a form filled out by Plaintiff at an earlier stage.  R. 140.  There, Plaintiff said that he lifted and carried the buffer machine daily, and that he frequently had to lift 50 pounds or more in his work.  *Id*.  This court, however, must affirm if substantial evidence exists in the record for the Commissioner's findings.  The Commissioner's reliance upon Plaintiff's testimony rather than upon this form is permissible as Plaintiff's testimony is substantial evidence in the record.

Case No. 4:04cv387-WS/WCS

regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." <u>Jacksonv v. Bowen</u>, 801 F.2d 1291, 1293 (11th Cir. 1986). This is the second element of proof at step 4, and assumes the existence of the first as well.

Plaintiff's past relevant work as a custodian or janitor as Plaintiff performed it required only light exertion, within his admitted residual functional capacity. The name to be given such work (janitorial, custodial, or cleaning, housekeeping) is immaterial at step 4 if the work, as Plaintiff performed it, remains within Plaintiff's residual functional capacity to still perform.

Additionally, Plaintiff's past relevant work as he performed it was reasonably classified by the vocational expert as requiring only the ability to do light work. The vocational expert said that janitorial and custodial work as performed in the national economy often includes building maintenance, tending to furnaces and air conditioners, performing minor repairs, using hand tools, doing electrical wiring, and plumbing. R. 65. Plaintiff has attached the DOT job description for the work of a janitor, and it includes tending to building machinery and performing minor building repairs. Doc. 10, attachment. Plaintiff, however, did not do any of these heavier duty jobs in his past relevant work. R. 65, 32-33, 52-53. Thus, the vocational expert's classification of his work as a modification of the DOT job of janitor was proper.

Page 7 of 7

For these reasons, it is **RECOMMENDED** that the Commissioner's decision to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2005.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**